. GULFPORT LAND AND IMPROVEMENT COMPANY *v.* MARY M.
ANSLEY.

[40 South. Rep., 66.]

CORPORATIONS.   *Sale of lands.   Specific performance.   Equity.*

Where a corporation, indebted to, but unable to pay, one of its
promoters, by resolution of its stockholders set aside to her a
designated tract of land in payment of the debt, and agreed to
sell the land in lots and pay over the proceeds to her, and a num-
ber of the lots were sold and the proceeds so paid, such creditor,
having accepted the agreement, upon the refusal of the corpora-
tion to further carry it out, can maintain against a demurrer a
bill in equity to specifically enforce the agreement, no question of
the statute of frauds arising on its face.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Ansley, the appellee, was the complainant in the court
below; the Gulfport Land and Improvement Company, the
appellant, was the defendant there.   The defendant demurred
to the complainant's bill.   The court below overruled the demur-
rer, and the defendant appealed to the supreme court.

The object of the suit was to enforce the specific performance
of an agreement made by the defendant to convey to complainant
certain accurately-described lots of land in the town of Gulfport,
and, in case the lots or any portion of them had been disposed
of by the defendant, for an accounting touching the amount of
money received therefor by the defendant, and for judgment in
complainant's favor therefor.

*T. M. Evans,* for appellant.

At common law, "grant," "bargain," "sell," "convey," "re-
lease," "set-over," "deliver," were operative words to convey
title, but "hold" and "have" were not operative words to
convey title or to create an estate.   "To have" and "to

hold" are essential words of the *habendum* (see 1 Jones on Conveyances, 467), and do not create any estate, but are limiting words; if used in a lease, after the premises or granting would follow the words "to have" and "to hold" for one month, or "to have" and "to hold" for one year, or "to have" and "to hold" during her or his natural life, if a life estate, etc. It is, therefore, clear that "to have" and "to hold" do not create any estate, but always follow the premises or granting power to those words. "Moved, that Mary M. Ansley have three hundred lots." What estate does this create? Is this a lease for a year, a month, or a life?

It is evident that there was no intention of any livery of seizin, for the motion continues, "to be sold by said company." The same words, "to be sold by said company," clearly show that there was to be no fee in the lands or lots, but that all that the complainant, Mary M. Ansley, had any interest in, if in anything, was the proceeds of the sale.

The only reasonable construction is that Mary M. Ansley had advanced $328 to the promoters of the company, and that these directors and stockholders intended to say that the proceeds of three hundred lots would be set aside to her account, or in payment of said $328; but since she admits having received money on said account, she should show what amount she received and the balance due her on said account.

"It is an elementary rule of our law that oral evidence shall not be given to add to or subtract from, alter or vary, any description of written contract." (11 Am. & Eng. Ency. Law, 509.) Therefore the appellee must stand upon the writing as evidence of her title or right to a title, and from this we must draw our conclusion.

*Have.*—"Moved, that Mary M. Ansley have." We quote from the Standard Dictionary: "*Have.* The verb, *have;* present indicative, *having;* singular, *I have, thou hast, he has.*" Now, "have" is the same as "has." Suppose the motion had read,

"Moved, that Mary M. Ansley has three hundred lots of the plat of North Gulfport;" would that indicate that it was the purpose or intention of the company to execute and deliver a deed to her for the lots?

*W. J. Gex,* for appellee.

It is elementary learning that a trustee who fails to account to his *cestui que* trust can be made to account by the aid of the chancery court, and, as a matter of fact, this is the only proper manner of obtaining an accounting. When a trustee repudiates the trust, another trustee will be appointed by the court to carry out the same trust. 28 Am. & Eng. Ency. Law, 961.

A court of chancery has authority where equity demands it, instead of appointing another trustee, to require the appellant to convey the lots, after accounting to Mrs. Ansley for sales made heretofore and not accounted for, and to permit her to sell them herself. The appointment of another trustee in this case to carry out the trust would only necessitate unnecessary expense to both parties, and could serve no material good.

WHITFIELD, C. J., delivered the opinion of the court.

Mrs. Ansley had advanced to the Gulfport Land and Improvement Company $328 in cash, which had been by that company used for its proper purposes. She applied for repayment, but the company had no money with which to pay her, and, after various delays, as a mode of payment, adopted the following motion: "Moved, that Mary M. Ansley have three hundred lots of the plat of North Gulfport, to be sold by said company to her account, for which she has paid in cash $328." This motion was unanimously adopted and spread on the minutes. Thereafter, according to the averments of the bill, three hundred lots were set aside for her, to be sold for her account, and the order to that effect was passed by the board of directors of said company, and pursuant to said order, the said Gulfport Land and Improvement Company did, by proper order and in proper form,

set apart for Mrs. Ansley three hundred lots in said order, particularly and correctly described.

The whole case turns upon the construction to be given these orders, particularly the order first above set out. The averments of the bill, which are admitted by the demurrer, set out that all these lots were recognized by the said company as belonging to Mrs. Ansley, after the passage of said order, and that a part of the lots had been sold by the company and the proceeds paid to her, and that no denial of her right had been made until very recently. We think that the order passed by the board, as above referred to, clearly means that the board had set apart these lots for Mrs. Ansley in payment of the $328 advanced by her. The language will bear no other reasonable construction, especially in view of the conduct of the parties, as averred by the bill, in construction of and under the instrument.

*The decree overruling the demurrer is affirmed, and the cause remanded, with direction to the court below to have a trustee appointed to sell the unsold portion of the three hundred lots for the benefit of Mrs. Ansley. So ordered.*